UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARENCE TYRONE STEWART JR. (#289005)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ELAYN HUNT CORRECTIONAL CENTER, ET AL.** | **NO. 13-0645-JJB-RLB** |

## RULING ON MOTION

This matter comes before the Court on correspondence received from the plaintiff (Rec. Docs. 7 and 8), wherein he asserts claims that are qualitatively different than those alleged in his original Complaint and also requests the appointment of counsel to assist him in this matter. As to the new claims asserted in the referenced correspondence, the plaintiff complains, *inter alia,* that he has been denied medical treatment for "crabs," that his term of imprisonment has been improperly calculated, and that he has been subjected to unconstitutional conditions of confinement at his current place of confinement, specifically through the denial of clean clothes, adequate towels and adequate bed linens, through exposure to unreasonably cold temperatures, and through a requirement that he sleep on a bare mattress.

Initially, to the extent that the plaintiff's correspondence may be interpreted as seeking to amend the original Complaint, this request shall be denied. In his original Complaint, the *pro se* plaintiff, an inmate currently incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, named as defendants EHCC and EHCC Warden Howard Prince and complained that his constitutional rights had been violated by his emergency transfer to EHCC after he complained of having been raped by co-inmates at the LaSalle Correctional Center. In addition, the plaintiff complained of his transfer to administrative segregation at EHCC after he

made a complaint regarding an alleged sexual assault by a co-inmate.  Finally, the plaintiff complained that EHCC security officers were allowing co-inmates to repeatedly rape him in administrative segregation at EHCC, that these officers were denying him access to the telephones, and that prison officials had taken all of his property upon his transfer to EHCC.  Now, in the instant correspondence, the plaintiff asserts claims which are qualitatively different from those asserted in the original Complaint or which otherwise are not properly before the Court.  Specifically, his new claims relative to the alleged denial of medical treatment and to the conditions of his confinement at EHCC are essentially unrelated to his original claims regarding sexual assaults by co-inmates, access to the telephones and the deprivation of his personal property.  Further, these new claims likely have not initially been exhausted through the prison administrative process as mandated by 42 U.S.C. § 1997e.  Finally, the plaintiff's claim regarding the alleged miscalculation of his term of imprisonment is not properly before the Court because it must be asserted in a *habeas corpus* proceeding under 28 U.S.C. § 2241, after the exhaustion of state court remedies, and not in this civil rights action brought pursuant to 42 U.S.C. § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  Accordingly, for these reasons, the plaintiff's proposed amendment to the Complaint shall not be allowed

In addition to the foregoing, the plaintiff also requests in his correspondence that counsel be appointed to assist him in this case.  The Court notes at the outset, however, that the Court does not have the power or authority under § 1915(d) to "appoint" counsel in a civil rights case in the sense of requiring and compelling an attorney to represent the plaintiff in connection with his claims.  See Mallard v. United States District Court, 490 U.S. 296, 309 (1989).  Section 1915(d), by its express terms, authorizes the Court only to "request" an attorney to represent an in forma pauperis litigant.  Id.  Further, an in forma pauperis plaintiff seeking to assert a civil


rights claim under § 1983 has no automatic right to the assistance of counsel under § 1915(d), and the Court is not required to seek such counsel "unless the case presents exceptional circumstances." *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). As explained in *Ulmer, supra*:

> Although "[n]o comprehensive definition of exceptional circumstances is practical," a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case...; (2) whether the indigent is capable of adequately presenting his case...; (3) whether the indigent is in a position to investigate adequately the case...; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in presentation of evidence and in cross examination ....

*Id.* at 213 (citation omitted).

In the instant case, the Court finds that "exceptional circumstances" requiring the appointment of counsel are not apparent at this time. The plaintiff's Complaint is neither factually nor legally complex, and no other factors in *Ulmer, supra*, are found to require the appointment of counsel. The plaintiff has set out the factual basis for his claim in his Complaint, and this pleading reflects that the plaintiff understands the proceedings and can address the issues presented. The defendants have been directed to produce documents deemed pertinent to the plaintiff's claims, and the plaintiff will be able to undertake additional discovery through formal discovery channels. The plaintiff will be able to use these materials and the defendants' responses to discovery to cross-examine the defendants and prepare for trial.

Further, it does not appear that any great skill will be needed to cross-examine the witnesses in connection with the issues in this case. *Pro se* plaintiffs are given great flexibility in the examination of witnesses, and the plaintiff has adequately presented his case thus far.

Further, to the extent that the plaintiff asserts that he has a limited knowledge of the law, this is true of nearly every prisoner who prosecutes a *pro se* lawsuit. For this reason, *pro se*

pleadings are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). This Court is liberal in reviewing the pleadings and motions filed by pro se inmates pursuant to § 1983, giving inmates ample opportunity to amend if necessary and granting generous extensions of time to comply with Court Orders.

Accordingly, in light of the Court's liberal construction of prisoner § 1983 pleadings and motions, coupled with the lack of complexity of the legal issues in this case, together with the plaintiff's apparent ability to litigate this action pro se, the Court finds that the appointment of counsel would be of little service to the Court in this case and would not significantly assist the plaintiff in the examination of the witnesses or in the sharpening of the issues for trial. Therefore, having considered the factors set forth in *Ulmer v. Chancellor, supra*, the Court finds that the appointment of counsel is not required or warranted in this case. Accordingly,

**IT IS ORDERED** that the plaintiff's request to amend the Complaint be and it is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's request for appointment of counsel be and it is hereby **DENIED.**

Signed in Baton Rouge, Louisiana, on November 5, 2013.

						_____
						**RICHARD L. BOURGEOIS, JR.**
						**UNITED STATES MAGISTRATE JUDGE**