UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARENCE TYRONE STEWART (#289005) | CIVIL ACTION |
| VERSUS | |
| ELAYN HUNT CORRECTIONAL CENTER, ET AL. | NO. 13-0645-JJB-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 12, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CLARENCE TYRONE STEWART (#289005)**                    **CIVIL ACTION**

**VERSUS**

**ELAYN HUNT CORRECTIONAL CENTER, ET AL.**                **NO. 13-0645-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of defendant Howard Prince (Rec. Doc. 24). This Motion is not opposed.

The *pro se* plaintiff, an inmate currently incarcerated at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983, naming as defendants EHCC and Warden Howard Prince and complaining that his constitutional rights have been violated by his emergency transfer to EHCC after he complained of having been raped by co-inmates at the LaSalle Correctional Center.[1] The plaintiff also complains of a sexual

---

1. An attempt by the United States Marshal's Office to serve the Elayn Hunt Correctional Center has proven unsuccessful, specifically because service of process has not been accepted on behalf of this entity at the offices of the Louisiana Department of Public Safety and Corrections. *See* Rec. Doc. 19. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceeding. It is appropriate, therefore, that the plaintiff's claims asserted against EHCC be dismissed, without prejudice, for failure of the plaintiff to timely effect service upon this defendant. In addition, the named defendant is not properly before the Court in any event. Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity such as EHCC to sue or be sued is determined by the law of the state in which the district court sits. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991). Further, pursuant to 42 U.S.C. § 1983, only a "person" may be sued for the violation of an inmate's constitutional rights. The Elayn Hunt Correctional Center is not a person within the meaning of this statute. *See, e.g., Castillo v. Blanco*, 2007 WL 2264285, *4 (E.D. La., Aug. 1, 2007) (finding that a state prison, including specifically EHCC, is not a person within the meaning of this statute). *See also Glenn v. Louisiana*, 2009 WL 382680, *2 (E.D. La., Feb. 11, 2009) (noting that "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. §

assault by a co-inmate on August 6, 2013, and of his transfer to administrative segregation at EHCC after he wrote a letter to the warden. Finally, the plaintiff complains that unidentified EHCC security officers have allowed co-inmates to repeatedly rape him in administrative segregation at EHCC, that these officers have denied him access to the telephones, and that unnamed prison officials have taken his property upon his transfer to EHCC.[2]

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint may be dismissed where the plaintiff has failed to state a claim upon which relief may be granted against the defendants. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and more recently, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly*, *supra*, 550 U.S. at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

1983"). Accordingly, the plaintiff fails to state a claim upon which relief may be granted relative to EHCC, and this defendant would be subject to dismissal from this proceeding as a matter of law.

2. Although the plaintiff would normally be precluded from proceeding *in forma pauperis* in this case pursuant to 28 U.S.C. § 1915(g), which statute prohibits the granting of *in forma pauperis* status to inmates who have filed three or more prior actions or appeals in the federal courts which have been dismissed as frivolous, malicious, or for failure to state a claim, the Court allowed this case to proceed without prepayment of the filing fee under the statute's exception for inmates facing an "imminent danger of serious physical injury," specifically because the plaintiff alleged in his Complaint that security officers at the prison were "letting inmates rape [him]" on a daily basis.

*Id.* It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679. "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, which is poorly worded and provides very little factual detail,[3] the

---

3. The entirety of the plaintiff's Complaint reads as follows (with some license taken as to punctuation):

> Clarence was sexually assault on 8-6-13 by inmate Polit upon Clarence writing a letter to the Warden. His complaint was answered by a Captain (name N/A). Clarence was then placed in Administrative Segregation and raped every day after he eat cow on all three meals. Security is letting inmates rape Clarence, then hiding these incidents behind Clarence have a mental impairment. Clarence is being denied telephone calls because those security officers have planned to kill Clarence.
>
> If Clarence is killed please award everything to Jasemin French. Clarence was transferred on emergency transfer from LaSalle Correctional Center to Elayn Hunts Correctional Center because several inmates took him out of bed, raped him, then returned him to his bed, all of which should have been on the monitor taping.
>
> Security placed Clarence upon a emergence transfer to Elayn Hunts Correctional Center. They took all of Clarence property to obtain the evidence Clarence had to prove

plaintiff alleges that on an unstated date, he was transferred on an emergency basis from the LaSalle Correctional Center to EHCC after he reported that several inmates had taken him out of his bed, raped him, and then returned him to his bed. In connection with this transfer, unnamed security officers allegedly took all of the plaintiff's property "to obtain the evidence [the plaintiff] had to prove he had been raped." In addition, the plaintiff alleges that on August 6, 2013, he was again subjected to a sexual assault by a co-inmate, this time at EHCC, after he wrote a letter "to the warden" (presumably defendant Prince). According to the plaintiff, the referenced letter was answered by an unidentified Captain at EHCC, and the plaintiff was then placed in administrative segregation at EHCC. Finally, the plaintiff complains that while in administrative segregation, unnamed security officers at EHCC have been "letting inmates rape" him every day and are covering up these incidents by relying upon the plaintiff's "mental impairment." In addition, these unnamed officers have denied the plaintiff access to the telephones, allegedly because they have "planned to kill" the plaintiff.

Turning to a consideration of the plaintiff's claim asserted against the named defendant, Warden Howard Prince, the Court first notes that it is unclear from the plaintiff's Complaint whether he has named this defendant in the defendant's individual and/or his official capacity. In light of the liberality with which this Court interprets the pleadings of *pro se* litigants, however, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court interprets the plaintiff's Complaint as naming the defendant in both capacities. Notwithstanding, § 1983 does not provide a federal forum for a litigant who seeks the recovery of monetary damages against a state official acting in an official capacity because such official is not seen to be a "person"

---

he had been raped.

I want to be awarded 10,000,000,000,000.00 as pain and suffering.

under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). Additionally, in *Hafer v. Melo*, 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between an official capacity and an individual capacity claim and made clear that a claim asserted against a state official in an official capacity for monetary damages is treated as a claim asserted against the state and is therefore barred by the Eleventh Amendment. *Id.* at 25. Accordingly, the plaintiff's claim for monetary damages asserted against the defendant in the defendant's official capacity is subject to dismissal. In contrast, the plaintiff's claim for monetary damages asserted against the defendant in the defendant's individual capacity remains theoretically viable because a claim against a state official in an individual capacity, seeking to impose liability for actions taken by the official under color of state law, is not treated as a suit against the state. *Id.*

With regard to the plaintiff's claim asserted against the defendant in the defendant's individual capacity, the defendant responds in the instant motion by contending that he is entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendant contends that the plaintiff's allegations fail to establish that the defendant has participated in any violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as

a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.*[4]

Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be granted. Specifically, the Court finds, from a review of the plaintiff's sparsely-worded Complaint, that the plaintiff has failed to allege sufficient personal involvement on the part of the defendant warden in the events complained of. In this regard, in order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Any allegation that the defendant warden is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, *supra*, 556 U.S. at 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights has occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful

---

4. The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial", the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, the Court finds that, as argued by the defendant warden, the plaintiff has failed to sufficiently allege that the defendant has undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights. Specifically, the plaintiff makes no factual allegations whatever relative to Warden Howard Prince and only lists this person as a named defendant in the Caption of the Complaint and in the section thereof designated for identifying the parties to the proceeding. Nor does the plaintiff assert that this defendant has had any personal involvement in the plaintiff's initial transfer from LaSalle Correctional Center to EHCC, in the mis-handling of the plaintiff's legal or personal property, in the plaintiff's housing assignment or classification at EHCC, in the plaintiff's medical care, or in any alleged wrongdoing by unnamed security officers or inmates at that institution. The most that can potentially be gleaned from the Complaint is that the plaintiff may have written a letter to the defendant warden in early August, 2013, which letter was then referred to another security officer for a response. This does not establish any personal involvement on the part of the warden in any alleged subsequent wrongdoing. Accordingly, in the absence of any allegation regarding the direct involvement of the defendant warden in the events complained of, the plaintiff's claim asserted against this defendant is without legal or factual foundation, and the defendant is entitled to judgment as a matter of law in connection with this proceeding.

## RECOMMENDATION

It is recommended that the plaintiff's claim asserted against the Elayn Hunt Correctional Center be dismissed, without prejudice, for failure of the plaintiff to serve this defendant within 120 days as mandated by Fed. R. Civ. P. 4(m). It is further recommended that the Motion to

Dismiss of defendant Howard Prince (Rec. Doc. 24) be granted, dismissing the plaintiff's claims asserted against this defendant, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on June 12, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**